UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No.    20-MJ-308

TYSHAUN SMITH,

    Defendant.

---

### ORDER DENYING MOTION TO SEAL

---

On June 4, 2020, a criminal complaint charged Tyshaun Smith with attempted arson and possession of a destructive device, as defined in 28 U.S.C. § 5845(f), in connection with his alleged throwing of a "Molotov cocktail" into a place of business. On June 5, the United States filed a motion seeking an order to seal the criminal complaint for thirty days. Now, in its place, the government proposes filing a public version of the complaint that redacts the names of the officers who arrested Smith, as well as the ATF agent who submitted the affidavit in support of the complaint. The impetus of the motion is the government's belief that current circumstances in the community could pose a danger to the officers should their names become public.

The public's nearly unfettered right to access court records is well established. *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) ("[T]he tradition that litigation is open to the public is very long standing."). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub.*

*Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citation omitted). For criminal cases, public access "plays a particularly significant role in the functioning of the judicial process" and inures to the benefit of "both the defendant and . . . society as a whole." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982).

The United States recognizes this right, but notes that "the first amendment right of public access is not absolute; it is a qualified right." *Application of Kansas City Star Co.*, 143 F.R.D. 223, 226 (W.D. Mo. 1992) (citation omitted). Fed. R. Crim. P. 49.1 and Gen. L. R. 79(d) provide that, in some circumstances, information may be kept confidential. However, Rule 79(d), on which the United States relies, allows sealing of information only if the document to be sealed is accompanied by a motion "at the time of filing." Gen. L. R. 79(d)(1). Here, the motion was filed the day after the complaint, and so on its face the motion to seal does not comply with the local rule.

More importantly, the government has not met its burden to justify the redactions it seeks. There is no doubt that protecting the safety of law enforcement officers is a paramount government interest, yet the government has not articulated any particularized or concrete safety concern that is manifest in *this* case. In a time of unrest throughout the nation, law enforcement officers are arresting hundreds of individuals every day for offenses similar to those charged here. Given the perceived antipathy of some protestors to law enforcement officers generally, it could be said with respect to almost every one of these arrests that revealing the identity of the arresting officers could pose a risk of backlash. There is no indication, however, that other courts across the country are redacting officers' identities or that the situation is so dire that traditional principles allowing for full transparency are being abrogated as a matter of course. Absent some concrete threat to the officers, which has not

been suggested here, there is no principled way to discern why this case would justify redactions while others would not. Finally, it is conceivable that redaction could backfire. Transparency is the cornerstone of public confidence in the judicial process. Shielding the identity of law enforcement officers responsible for Smith's arrest could further undermine the public's trust in the criminal justice system generally and engender ill will towards the officers specifically. For these reasons, the motion to seal is **DENIED**.

**SO ORDERED** this 8th of June, 2020.

*Stephen C. Dries*

STEPHEN C. DRIES
United States Magistrate Judge